IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PEGGY WELSHANS WILLIAMSON and
VANESSA WELSHANS,

    Plaintiffs,

v.                                                                                  No. 04-2851 B

AETNA LIFE INSURANCE CO.,

    Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

---

This case involves a claim by Plaintiffs, Peggy Williamson and Vanessa Welshans, for health insurance benefits under an employee health plan provided to Williamson by her employer, General Agencies of the United Methodist Church ("General Agencies") and administered by Defendant Aetna Life Insurance Co. ("Aetna").[1] Plaintiffs allege that Defendant Aetna wrongfully denied coverage for Williamson's daughter, Welshans, between 1995 and 2000, despite her continued qualification as a "handicapped dependent" under the plan. On January 22, 1999, Plaintiffs filed separate complaints in the United States District Court for the Middle District of Tennessee to recover damages for breach of contract, and violations of both the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104, and the Tennessee "bad faith" statute, Tenn. Code Ann. § 56-7-105, as a result of Defendant's failure to pay Welshans''s medical claims.[2] In addition to a

---

[1] Defendant Aetna administered General Agencies' group health plan from January 1, 1995 through December 31, 2000. (Amend. Compl. ¶ 10; Answer ¶ 10).

[2] Williamson and Welshans' complaints were consolidated by the state court on March 13, 2000.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-22-05

declaration that Welshans' and Williamson were entitled to coverage under the plan, Plaintiffs sought recovery of compensatory and punitive damages "in an amount as yet undetermined but in excess of $75,000;" the bad faith penalty of up to twenty-five percent of liability pursuant to Tenn. Code Ann. § 56-7-105; and recovery of treble damages in an undetermined amount in excess of $75,000 pursuant to Tenn. Code Ann. § 47-18-109 (3). (Pl.'s Amend. Compl. M.D. Tenn. at 5.) On September 22, 2003, during a bench trial, Plaintiffs voluntarily non-suited their case and the court entered an order dismissing the action without prejudice.

On September 15, 2004, Plaintiffs filed a new complaint in the Circuit Court of Shelby County, Tennessee which was amended with a filing on September 20, 2004. In this second complaint, Plaintiffs reassert the claims averred in the dismissed action and seek judgment "three times the amount of their actual damages (including pre-judgment interest), which are to be determined at trial, or alternatively, their actual damages (including pre-judgment interest) plus the 25 percent penalty provided by Tenn. Code Ann. § 56-7-105, but limited to $74, 999 exclusive of interest, costs and attorneys fees." (Amend. Compl. at 1.) Defendant removed the action to this Court with jurisdiction predicated on diversity of citizenship under 28 U.S.C. § 1332. Before the Court is Plaintiffs' motion to remand the action back to the Circuit Court of Shelby County, Tennessee.

Removal of cases from state to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ." 18 U.S.C. § 1441(a) (1988). A federal district court has original jurisdiction over any

2

civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (2005). A defendant seeking to remove a case to federal court has the burden of proving that the jurisdictional requirements are met. See Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). The appropriateness of federal jurisdiction in a diversity case is determined at the time of removal. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293, 585 S.Ct. 586, 592, 82 L.Ed 845 (1938).

Plaintiffs concede that the parties are diverse, but contest that the amount in controversy exceeds $75,000. Because Plaintiffs specifically claimed less than the federal jurisdictional amount in their complaint, they contend that Defendant Aetna has not and cannot meet its burden of proving satisfaction of the amount in controversy requirement. Generally, the plaintiff, as the "master of the claim," may choose to claim less than the federal requirement in order to preclude removal from state court. See St. Paul Mercury Indem. Co., 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly enriched to more, the defendant cannot remove"). Accordingly, in states where plaintiffs cannot recover more than they pray for in their complaints, those who plead less than the jurisdictional amount may avoid federal jurisdiction.

However, where state counterparts to Federal Rule of Civil Procedure 54(c) enable a plaintiff to claim an amount lower than the jurisdictional amount in the complaint, yet seek and recover damages in excess of that amount, removal may be permitted if the defendant can show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement.

3

Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Gafford, 997 F.2d at 158). The Tennessee Rules of Civil Procedure contain such a counterpart. Tennessee Rule of Civil Procedure 54.03 provides that, except in the case of default, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Tenn. R. Civ. P. 54.03. Therefore, applying Gafford, Plaintiffs' choice of forum in Tennessee state court may be defeated if Defendant proves that their claims "more likely than not" exceed $75,000.

The amount in controversy is determined by the allegations in the complaint. National Nail Corp. v. Moore, 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001) (citing Laughlin v. KMart Corp., 50 F.3d 871, 873 (10th Cir. 1995)). In their complaint, Plaintiffs allege that, as a result of Defendants wrongful acts in denying Welshans medical insurance claims during the period of 1995-2000, they have suffered damages in the amount of $74,999. (Amend. Compl. ¶¶ 5, 62, 73.) Plaintiffs further aver that they are entitled to recover treble the amount of actual damages pursuant to Tenn. Code Ann. § 47-18-109 and an additional twenty-five percent penalty on all sums recovered under Tenn. Code Ann. § 56-7-105. (Amend. Compl. ¶¶ 64, 74.) Calculating the relief requested using the damages suffered, the complaint asserts that Plaintiffs are entitled to recover up to $74,999 under Count I; $223,997 under Count II; and $93,748.75[3] under Count III. Based on this analysis, Defendant contends that Plaintiffs' complaint "expressly and affirmatively" seeks an award in excess of the jurisdictional amount."(Def.'s Resp. Pl.'s Mot. Remand ("Def.'s Resp.") at 2.)

Plaintiffs contest this conclusion on grounds that their prayer for judgment in the state court

---

[3] The twenty-five percent bad faith penalty on damages of $74,999 would amount to an $18,749.75 additional award for a total recovery of $93,748.75.

4

proceeding was specifically limited to $74,999 notwithstanding any allegations in the complaint entitling them to greater recovery. (Pl.'s Mot. ¶ 8.) In an effort to clarify the limitation, Plaintiffs stipulate "that they do not and will not seek or request judgment in the amount of $75,000 or greater, exclusive of interest and costs." (Pl.'s Mot. ¶ 8.) Plaintiff's stipulation in their Motion to Remand is of no effect as jurisdiction is decided as of the time of removal. Rogers, 230 F.3d at 873. Further, as noted above, Tenn. R. Civ. P. 54.03 permits plaintiffs to seek and recover more than that prayed for in the complaint. Rather than Plaintiffs' assertion of limited recovery, satisfaction of the amount in controversy requirement is determined by whether the values of the claims asserted in the complaint more likely than not exceed $75,000. Id. at 872.

As evidence that the values of the claims asserted in the complaint do not meet the jurisdictional requirement, Plaintiffs offer their "itemized list of unpaid claims and actual damages" totaling only $28,115.13. (Pl.'s Mot. ¶ 9 and Amend. Compl. Exhibit 4.) Plaintiffs also point out that the during trial in the previously dismissed action in federal court "it became apparent that plaintiff's recovery would be unlikely to exceed the $75,000 requirement for federal diversity jurisdiction." (Pl.'s Mot. ¶ 6.) However, even when these itemized damages are substituted for those alleged in the complaint, the jurisdictional requirement is still satisfied as potentially trebling the amount results in an amount in controversy of $84,345.39. Further, the Court notes that the itemized damages are not final. Rather, Plaintiffs concede their belief that there may be additional claims for which they will seek recovery. (Amend. Compl. ¶ 41.)

The Court concludes that Defendants have met their burden of showing that the amount in controversy more likely than not exceeds the requirement for diversity jurisdiction on the basis that, despite any limitation in their prayer for relief, state law may allow Plaintiffs to recover up to treble

the $74,999 in damages alleged in their complaint as well as an additional twenty-five percent penalty. Consequently, Plaintiffs' Motion to Remand is DENIED.

**IT IS SO ORDERED** this 21st day of September, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02851 was distributed by fax, mail, or direct printing on September 22, 2005 to the parties listed.

---

Kent J. Rubens
RIEVES RUBENS & MAYTON
P.O. Box 1359
West Memphis, AR 72303--133

Kathleen G. Morris
LAW OFFICES OF KATHLEEN G. MORRIS
P.O. Box 128091
Nashville, TN 37212

David P. Knox
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Herbert E. Gerson
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Lawrence W Jackson
LAW OFFICE OF LAWRENCE W. JACKSON
P. O. Box 1359
West Memphis, AR 72303

Gary Shaun Hair
RIEVES RUBENS & MAYTON
P.O. Box 1359
West Memphis, AR 72303

Honorable J. Breen
US DISTRICT COURT