IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 26 PM 4: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

PEGGY WELSHANS WILLIAMSON and
VANESSA WELSHANS,

    Plaintiffs,

v.                                    No. 04-2851 B

AETNA LIFE INSURANCE CO.,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR COSTS OF PREVIOUSLY DISMISSED
ACTION PURSUANT TO FED. R. CIV. P. 41(d)

---

    Before the Court is the motion of Defendant Aetna Life Insurance Company ("Aetna") for an award of costs and a stay of these proceedings pursuant to Federal Rule of Civil Procedure 41(d) arising from Plaintiffs' previously dismissed action against Aetna in the United States District Court for the Middle District of Tennessee. For the reasons set forth below, the Court DENIES Defendant's motion.

    On January 22, 1999, Plaintiffs filed separate complaints in the United States District Court for the Middle District of Tennessee against the Defendant to recover damages in excess of $75,000 for breach of contract, and violations of both the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104, and the Tennessee "bad faith" statute, Tenn. Code Ann. § 56-7-105. On September 22, 2003, during a bench trial in the consolidated action, Plaintiffs voluntarily non-suited their case and the court entered an order dismissing the suit without prejudice.

    Plaintiffs subsequently refiled their suit in Tennessee state court on September 15, 2004. The

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-27-05



second complaint is essentially identical to that filed in the Middle District of Tennessee except that Plaintiffs claim damages of only $74,999. Defendant Aetna removed the matter to this Court where, for reasons set forth in its Order of September 23, 2005, the Court denied Plaintiffs' motion to remand and determined that it has subject matter jurisdiction over the complaint.

Federal Rule of Civil Procedure 41(d) provides:

> [i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). "The plain language of Rule 41(d) makes clear that an award under the rule lies within the sound discretion of the trial court." Hython v. City of Steubenville, 94 F.3d 644, *1 (6th Cir. 1996) (citing Wright & Miller, Federal Practice and Procedure: Civil 2d § 2375 at 415 (West 1995)); see also Wahl v. Coffman, 701 F.Supp. 1530, 1533 (D. Kan. 1988) ("Rule 41(d) is intended to confer broad discretion upon federal courts"). The purpose of Rule 41(d) is to prevent vexatious litigation and forum shopping. See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000). In the case of forum shopping, the Rule seeks to prevent plaintiffs "who have suffered setbacks in one court" from dismissing the action "to try their luck somewhere else." Id. (quoting Robinson v. Nelson, No. 98-10802-MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999)). However, "as a general rule, courts may refuse to make this requirement if it appears that there was a good reason for the dismissal of the prior action." Zucker v. Katz, 708 F.Supp. 525, 539 (S.D.N.Y. 1989) (quoting 9 Wright & Miller, Federal Practice and Procedure § 2375 at 244 (1971)).

Defendant argues that an order requiring Plaintiffs to pay its costs of the previous action would be an appropriate exercise of the Court's discretion because Defendant has been forced to

2

defend against the same claims twice. Further, relying on the Sixth Circuit's decision in Rogers v. Wal-Mart Stores, Inc., the Defendant contends that Plaintiffs only voluntarily non-suited their case after an indication from the court that the suit would be dismissed without further evidence of damages. (Def.'s Mot. at 4). Rather than face dismissal by the court, Aetna alleges that Plaintiffs chose to voluntarily non-suit the action and seek a tactical advantage by refiling in state court. (Id. at 5.)

While the parties and claims in the instant and former suit are the same, the Court notes that Defendant did not seek an award of costs or to impose any other conditions on Plaintiffs' dismissal in the previous action nor did the Middle Tennessee district court, pursuant to Fed. R. Civ. P. 41(a)(2) assess any such costs. Sewell v. Wal-Mart Stores, Inc., 137 F.R.D. 28, 29 (D. Kan. 1991); see also Simeone v. First Bank Nat'l Ass'n, 125 F.R.D. 150, 154-55 (D. Minn. 1989) (noting that courts have considered whether costs have been assessed by the judge in a prior action as one factor useful in determining if an award of costs pursuant to 41(d) is appropriate). Though not required for the imposition of costs under Rule 41(d), there has been no showing that the Plaintiffs in this case were motivated by vexatious intent or that their claims are groundless. See United Rentals (North America), Inc. v. Nardi, No. 3:02cv995, 2002 U.S. Dist. LEXIS 26781 at *5 (D. Conn. Sept. 23, 2002). Finally, the Court is not persuaded that Plaintiffs' dismissal of the Middle District of Tennessee action and subsequent refiling in Tennessee state court was undertaken in an effort to gain a tactical advantage. Plaintiffs did not simply discover that the previous trial was "going badly" and decide to dismiss and "try their luck somewhere else." Robinson v. Nelson, 1999 WL 95720, at *2. Rather, Plaintiffs discovered at trial that the manner in which they intended to present their damages

3

was not adequate.[1] Notwithstanding jurisdictional requirements, the choice of forum does not alter the requirement that Plaintiffs prove the damages they suffered. In Rogers v. Wal-Mart Stores, Inc., cited by the Defendant in support of their motion, the plaintiff dismissed her action after missing the court's deadline for disclosing expert witnesses. Rogers, 230 F.3d at 874. Unlike in the instant case, voluntarily dismissing the action and subsequently refiling ensured that the Rogers plaintiff would have an advantage she would not have had in the first action in which she was unable to utilize an expert because of the missed deadline. In contrast to Rogers, the Court finds that Plaintiffs' voluntary dismissal reflects an attempt to redress defects in their case rather than one to "wipe the slate clean after an initial setback." Id.; see also United Rentals (North America), Inc., 2002 U.S. Dist. LEXIS 26781 at *5 (declining to award costs where plaintiff's prior dismissal was aimed at addressing personal jurisdiction defects as to certain defendants).

Based on the foregoing, the Court finds that an award of costs and a stay of the current proceeding pursuant to Fed. R. Civ. P. 41(d) are not appropriate. Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED** this 26th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant alleges that Plaintiffs lacked sufficient evidence of their damages, while Plaintiffs maintain that the court indicated at trial that their evidence of damages should be presented in an itemized format for which Plaintiffs were not prepared. (Def.'s Mot. at 3 and Pl.'s Resp. ¶ 4.)

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02851 was distributed by fax, mail, or direct printing on September 27, 2005 to the parties listed.

---

Lawrence W Jackson
LAW OFFICE OF LAWRENCE W. JACKSON
P. O. Box 1359
West Memphis, AR 72303

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Herbert E. Gerson
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Gary Shaun Hair
RIEVES RUBENS & MAYTON
P.O. Box 1359
West Memphis, AR 72303

Kent J. Rubens
RIEVES RUBENS & MAYTON
P.O. Box 1359
West Memphis, AR 72303--133

Kathleen G. Morris
LAW OFFICES OF KATHLEEN G. MORRIS
P.O. Box 128091
Nashville, TN 37212

David P. Knox
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable J. Breen
US DISTRICT COURT